**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Ted Allen Ballard,**<br>Plaintiff<br>-vs-<br>**Joseph Arpaio, et al.,**<br>Defendant(s) | CV-05-1364-PHX-MHM (LOA)<br><br>**ORDER** |

Under consideration is Defendant's Motion to Dismiss, filed October 11, 2005 (#6).

**Background** - Plaintiff, an inmate in the Maricopa County Jail, instituted this action on May 6, 2005, by filing his Complaint (#1). His Complaint asserts three claims or cruel and unusual punishment based upon: (1) inadequate diet; (2) overcrowding; and (3) unsanitary conditions. The Court screened the Complaint pursuant to 28 U.S.C. § 1915A(a), and an answer was ordered from Defendant Arpaio. The remaining Defendants were dismissed. (Order 7/05/05, #4.)

Defendant Arpaio filed this Motion to Dismiss on October 11, 2005 (#6), arguing that Plaintiff had failed to exhaust his available administrative remedies, and therefore the Complaint was subject to dismissal. On November 1, 2005, Magistrate Judge Anderson set a briefing schedule requiring Plaintiff to respond to the motion by November 29, 2005 (#7). Plaintiff did not and has not responded.

**Motion to Dismiss** - In his Motion (#6), Defendant argues that Plaintiff had available to him administrative remedies under Maricopa County Sheriff's Office Policy DJ-3 to

grieve his claim, but that he failed to do so, and therefore dismissal is required under 42 U.S.C. § 1997e(a).  In support of these claims, Defendant submits the Affidavit of Sergeant Corina Griffin, a hearing officer for inmate grievances, introducing Policy DJ-3 and avowing that although Plaintiff filed a grievance on a request for medical treatment and three grievances on his "canteen" requests, he did not file greivances on the issues in his Complaint.   (Exhibit 1 at ¶ 5-6.)

**Failure to Respond** - Plaintiff has failed to respond to the motion.  The Court's order (#7) setting the briefing schedule warned Plaintiff of the provisions of Local Rule of Civil Procedure 7.2(i), which provides that a failure to respond to a motion can be deemed by the Court to be a consent to the granting of the motion.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).

In the interim, Defendants have filed their Motion for Summary Disposition, asking that the Plaintiff's failure to respond be deemed a consent to the granting of the motion. (#9.) Plaintiff has not responded to that motion.

Despite being warned of the effect of non-response, Plaintiff has not responded to the motion to dismiss.  Further, Plaintiff has not undertaken any visible action in this proceeding following service of the Complaint.  Accordingly, the Court will exercise its discretion to deem Plaintiff's silence to be a consent to the granting of the motion.

Moreover, the Court finds that the motion should be granted on its merits.

**Exhaustion Requirement** - Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides

Case 2:05-cv-01364-MHM-LOA   Document 12   Filed 05/22/06   Page 3 of 5

that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language has been interpreted to require "that an inmate must exhaust [available remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). A plaintiff must fully exhaust his administrative remedies before filing a complaint. *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003).

**Standard for Granting Unenumerated Rule 12(b) Motion** - The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003). Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. *Wyatt*, 315 F.3d at 1119. Therefore, the defendant bears the burden of proving that plaintiff had available administrative remedies that he did not utilize. *Id.*; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt,* 315 F.3d at 1119-20. "A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Id.* at 1120.

**Failure to Exhaust Available Administrative Remedies** - Defendant has shown that Plaintiff had available to him the standard inmate grievance procedures under Policy DJ-3 to grieve his claims. Defendants further argue that Plaintiff's complaint asserts that despite the availability of administrative remedies, that he failed to exhaust them.

While Plaintiff's Complaint does admit a failure to exhaust remedies, it also alleges that grievances are ignored, result in retaliation, and that Counts II and III are not greivable matters. (#1 at 4, 5, 6.) The PLRA only requires that administrative remedies which are "available" to the plaintiff be exhausted prior to bringing suit. *See* 42 U.S.C. § 1997e(a). Because the statute requires the remedy to be "available" to the prisoner, it is possible for a prisoner to exhaust his administrative remedies without his claims being denied at the highest level of administrative review specified by the relevant prison policies. For example, the federal courts have held that refusing an inmate grievance forms could raise an inference that the prisoner has exhausted his "available" administrative remedies. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that the district court erred by dismissing an inmate's section 1983 claim based on his failure to exhaust because the district court did not consider the inmate's allegation that prison officials refused to provide him with grievance forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (concluding that any remedy that prison officials prevent a prisoner from utilizing is not a remedy which is available as that term is defined in section 1997e(a)).

Defendant has shown that, despite Plaintiff's protests of unavailability, Plaintiff was able to file four separate informal grievances. Moreover, Plaintiff provides no detail in his Complaint to lend credibility to his allegations that his issues were not grieveable. He does not identify the source or nature of the retaliation other than to allege "additional

restrictions." He does not identify who in particular told him his issues were not grieveable, or whether the advice was that it was not grieveable or that the grievance would simply not be successful. *See Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (concluding that section 1997e(a) does not permit the court to consider an inmate's subjective beliefs in determining whether administrative procedures are "available"). Moreover, Plaintiff offers no evidence that he actually attempted to have his grievances heard. *See Jones v. Smith*, 266 F.3d 399, 399 (6th Cir. 2001) (concluding that dismissal for failure to exhaust was proper because the plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or that plaintiff made other attempts to obtain a form or file a grievance without a form). Plaintiff's bare allegations are insufficient to establish that the jail's grievance procedures were unavailable.

Accordingly, Plaintiff's complaint and this action must be dismissed in their entirety without prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Disposition, filed February 16, 2006 (#9) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, filed October 11, 2005 (#6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1) and this action are **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

DATED this 18th day of May, 2006.

_____
Mary H. Murguia
United States District Judge